I'm Jessica Ware on behalf of the Office of the State Appellate Defender representing the appellate. Where? Where, yes. W-A-R-E? Yes. Got it.  Ms. Wessler, how are you? Good morning. Claire Wessler Kyle. I am an assistant state's attorney and I represent the people of the state of Illinois in this case. All right. Ms. Ware, did you want to reserve some time for rebuttal? We'll give you 15 minutes. You can take any portion of that you want for rebuttal. Yes. How much? Three minutes. All right. Thank you. Ms. Ware, you can begin. Thank you. May I please report? My name is Jessica Ware on behalf of the Office of the State Appellate Defender and I represent the appellate, Mr. Nathaniel Stephens. In April of 2015, a new sentencing hearing was held in Mr. Stephens' case pursuant to this court's mandate. At that hearing, the state did not present a shred of new aggravating evidence. You're talking about which he's been re-sentenced twice, correct? Correct. Okay. So which one are you talking about? The last time that he was re-sentenced, yes. The last time that this court sent him back for re-sentencing. The state did not present a shred of new mitigating evidence. There had not been a single bad act committed by Mr. Stephens during the over nine years that he had been incarcerated since the previous sentencing hearing. And the defense presented countless pieces of new mitigating evidence. But the judge, after hearing nothing but good about Stephens' conduct since his original sentencing hearing, increased his aggregate sentence by four years. This was a violation of North Carolina v. Pierce, it was a violation of the code under Section 554A, the Code of Corrections, and even if this court doesn't find that this was a violation of Pierce or the code, this still constituted an abuse of discretion under normal sentencing rules because the judge completely disregarded compelling, relevant mitigating evidence at the re-sentencing hearing. What were the actual years here? They had to be consecutive, right? Correct. So was it 25 plus, or was it 20? You tell me. What did he do? He got, when he was re-sentenced, he got 23 on the first degree murder, consecutive to six on the aggravated battery. So he got an aggregate of 29, whereas originally he was sentenced to an aggregate of 25 years. He was sentenced to two concurrent 25 year sentences. Under North Carolina v. Pierce and under the code, a defendant's sentence should not be increased or remanded unless there are facts of record justifying the increase. In this case, the state did not present any evidence at the sentencing hearing. The state just relied on the facts of the case and the defendant's prior criminal history, two factors that had not changed at all since the previous sentencing hearing. The defense, however, put forth tons of new compelling mitigating evidence to show how Mr. Stevens had rehabilitated himself during his incarceration. Presented evidence that Stevens had absolutely no disciplinary record. He had not even gotten a ticket. He worked at the jail. The two witnesses that testified, the correctional officers testified that he was a model prisoner. They never had any issues with him. He was very respectful. He held down a job. The defense also put forth evidence that he had earned certificates in reading, math. He had done a challenger program. The defense also presented a mitigation report that was supported by hundreds of pages of documents of the defendant's records detailing his lifelong history with brain damage and learning disabilities. The report also attached scientific, new scientific evidence that was relevant to the defendant's young age. All of these things were presented at the second sentencing hearing that were mitigating and were not presented at the first. But how do we know that the judge didn't consider all this? Because of the, okay. First, isn't the minimum here 26 years? Correct. And the judge actually sentenced him to 29? Correct. So we're talking about a three-year discrepancy. Correct. But had the court sentenced him to the minimum, the defendant would have had to serve just a month longer than the original sentence that was imposed at the original sentencing. But the original sentence was wrong. It was absolutely wrong. It was supposed to be consecutive. So it had to be a minimum 26. Correct. Okay. But the minimum of 26 would have been basically commensurate with the original sentence. The original sentence showed the judge's intent at the first instance. The original judge is the judge who listened to the facts at trial, who was there firsthand, who assessed everything at the trial. Well, we're not really here to look at what the first judge did because the defendant asked us for a new sentencing hearing, which he got the second time. But then that judge didn't conduct the sentencing hearing. And then there was a request for another judge. Wasn't there an SOJ and then another judge? So it really doesn't matter what the first judge determined because the defendant requested a new judge participate in the most recent sentencing hearing. So I don't think we get to look at what the first judge did. Well, in the Pierce context, you get to compare, you get to say, is this a result of vindictiveness? Is this increase a result of vindictiveness? And so under Pierce, these are the things that we looked at. So you're saying the trial judge here was being vindictive when she sentenced him to three years over the minimum? Yes, under the facts of this case, yes. All right. Yes, under the facts of this case. After hearing nothing but mitigating evidence, new mitigating evidence, the court offered no reason for why she sentenced him to more than the minimum. The court could have satisfied... The court is never required to tell us, in certain words, why I'm not imposing the minimum of 20 and the minimum of 6. There's absolutely no case that says what you're saying. The judge is not in the trial court to tell us why me, I'm going to give you the minimum instead of giving you 25. There's no case law that says that. And the judge didn't have to do that. But on resentencing, due process comes into play on resentencing. Sure. And the facts that justify an increase have to be on the record. That's what Pierce says, that's what the code says. In this case, there were no facts that justified the increase in sentence. But how is this really an increase? When the first sentence was not correct. How? How can we compare it when the first sentence was improper? Like the first sentence... Correct. So the first sentence had to be 26 years. Right? Correct. And you're saying that this record doesn't show, or that under the Constitution, the fact that he got three more years is a violation of due process because the court didn't say why he sentenced him to 23 plus 6? Because the facts of the case did not justify it. Because they were compelling. Yes, it's just the facts. Compelling new mitigating evidence that was not presented. I mean, the scientific research presented is scientific research that has been validated by the United States Supreme Court, by this court, by the Illinois Supreme Court, and this was all new. None of this was presented. None of this came to the judge at the first sentencing hearing. So there was a lot of new mitigating and no aggravating. So under these circumstances, there was just no justification for increasing the sentence for years. Mr. Stevens is going to tell you. No new aggravation. New aggravation, correct. But the aggravation was there. I mean, the state... The facts of the case, correct. But that had not changed. That was not new. Correct. That had not changed. So was the court supposed to take into account the aggravating factors or disregard them? Well, the aggravating factors were not new. The courts would consider aggravating factors and mitigating factors, but there has to be new aggravation to be able to justify an increase under peers. There has to be new things that have happened after the original sentencing hearing. But this is all premised on the claim that the first sentence was set in stone. But really, that sentence never existed because it wasn't appropriate. There had to be a second sentence. So there really was no first sentence. I mean, you're comparing it to something I don't think that really exists. Correct. We now know that the void sentence rule should not have been applied. That first sentence, even though it technically is not statutorily authorized, it should not have been vacated at the behest of the state. But the fact of the matter is, even though the sentence is not statutorily authorized by the statute, it does show the trial court's assessment of the facts and her intent that Mr. Stevens should spend about 25 years in prison for what he did. And that should be given some type of consideration in a peers context. This court should not follow People v. Cole because it's wrongly decided. People v. Cole relied on Supreme Court's decision in People v. Carney that held that Pierce wasn't implicated in this type of situation because consecutive sentences do not increase a sentence. But Carney doesn't address this type of case that we have here. Carney doesn't deal with the prophylactic rule of Pierce. So it's not applicable to this situation. Your Honors, Carney dealt with the finding of severe bodily injury that triggers consecutive sentences and how that doesn't implicate Apprendi. Carney actually distinguishes from its case, cases like ours, that concern the chilling effect of increasing the defendant's sentence on his decision whether he wants to challenge his sentence. But even if this court does not find that this is a due process violation, even if this court does not find that the court violated Pierce or the code, this court should still find that the judge abused her discretion at the sentencing hearing. Here the judge did not allow the defendant the opportunity to speak before he was sentenced. The judge disregarded relevant mitigating evidence on incorrect grounds, some of which the state does not dispute. Stevens had just turned 19 a few weeks before the case. I'm sorry, a few weeks before the offense. But even though the mitigation report contains scientific evidence that shows that the brain is not fully mature at the age of 19, the court disregarded it as irrelevant. She said one of the articles is about teen pregnancy, it's not relevant at all. The state doesn't dispute that article is not at all about teen pregnancy. That article was about the adolescent brain. All the science about the brain that the Supreme Court has validated as relevant. The trial court in this case said it's not relevant. The court also said that she was taking judicial notice that 19 year olds can vote, they can drive, they can join the army. So she wasn't really going to consider that to be young. But we know now that the brain doesn't finish developing until the mid-twenties. And so she just was not... You can leave with Matt. Young Matt. I won't comment. I think that's what the studies show, that the female blind may be a little more developed at a later age. Not that they don't eventually catch up with each other. I think the studies do show that it's particularly more true with the male brain development. And I have a son and a daughter, so I can say that. I've seen it personally. But isn't that really what the studies show? That the male brain development is actually slower than the female brain development and that they don't believe that the male brain is fully developed until the age of 29. Correct. And it varies from person to person, of course. Every individual is different. Right. And Stephens had just turned 19. Just turned 19 at the time of the offenses. So that was no reason to disregard this scientific evidence as irrelevant. Also, the court took issue with the fact that the mitigation report said that Stephens, because of his cognitive limitations, wasn't equipped to care for Ms. Richardson's children. The court said that wasn't based on any evidence at all. When in fact, it was based on Dr. Heinrich's testimony. He gave an opinion that because of Stephens' cognitive limitations, he would not be able to take care of children. So the court went to extraordinary measures to be able to discount and discredit things in the mitigation report, even on erroneous grounds. The state concedes that the court said that the report claimed Mr. Stephens had no criminal record. But the report didn't claim that at all. And the state concedes that was an error. So the court is just showing a pattern, just a pattern of disregarding every category of evidence in this mitigation report on erroneous grounds. The court even failed to give the defendant, as I stated earlier, an opportunity to speak before sentencing. Now, the state argues that that was a harmless error because after the court imposed a sentence, he came back, the defendant was allowed to speak in allocution afterwards, but that didn't cure the error in this case because the judge explicitly stated before he made a statement in allocution that she didn't think it was going to affect her sentence anyway. So it was pointless. And also, the error of not allowing the defendant to speak in allocution is reversible unless the judge otherwise considered the aggravated, I'm sorry, otherwise considered the defendant's mitigating evidence and arguments. And in this case, we have the judge not considering a lot of the mitigating evidence. So this error would be reversible in this case. As an alternative, I'd ask that this court to reimpose the 25-year concurrent sentences under Castleberry. I'll stand on my briefs unless this court has any arguments about, I'm sorry, any questions about my argument. No. Thank you, Ms. Burke. Thank you. Thank you. Ms. Connelly? May it please the court, counsel. The trial court's imposition of consecutive sentences in this case of 23 years for first-degree murder and six years imprisonment for aggravated battery to a child miscase did not contravene North Carolina v. Pierce in this case. The defendant's consecutive sentences did not amount to an increase in his sentence. These sentences do not constitute a single sentence and cannot be combined as though they are one sentence for one offense. Each conviction results in a distinct sentence that must be treated individually. In fact, each sentence in this case was actually decreased. The defendant received 25 years for first-degree murder. When he was resentenced, he received 23 years for the aggravated battery to a child. He was originally sentenced to 25 years. When he was resentenced, he received six years. There cannot be any holding by this court finding that the defendant's sentence  Because there was no increase in the defendant's sentence in this case, there is no implication of North Carolina v. Pierce. That only comes into play when there has been an increase in the defendant's sentence as a result of a case being remanded for a new trial, for a new sentencing hearing. Do you think Judge Petroni adequately addressed all the mitigation reports that were given to her? Yes, I do. I do. I think some of the comments that she made, the defendant is cherry-picking some of the comments in this case and relying upon this to say that she didn't rely upon his age as a factor or his background. But clearly, all of the comments that the judge made at the sentencing hearing before she pronounced the sentence, she presented a litany of what she was relying upon, including all of these factors. So I do think that there was substantial evidence in this case to show that Judge Petroni adequately considered the mitigating evidence in this case in addition to the aggravating factors that were presented by the state in this case. As far as the North Carolina v. Pierce, Garcia carved out an exception to Pierce and held that when an illegal sentence is originally imposed and the case is remanded for the imposition of a mandatory consecutive sentence, this does not amount to circumstances in which there is a reasonable likelihood that a sentence imposed was a product of judicial vindictiveness. That is the whole concern in North Carolina v. Pierce is that there is this concern that there might be some vindictiveness when a case goes back for resentencing. Now, in this case, there is no concern because it was re-imposed for, it was resent back for the imposition of mandatory consecutive sentences. Garcia takes care of that. And because the defendant in this case did not prove that there was a reasonable likelihood of judicial vindictiveness, he must now show actual vindictiveness. And all the defendant points to is the fact that he was sentenced to three years above the statutory minimum. And I also want to point out the defendant was also sentenced to 61 years less than the statutory mandatory maximum in this case. There was no judicial vindictiveness in any way, shape or form. Because the defendant cannot satisfy any of the tenets of North Carolina v. Pierce, that argument must fail. And this court, when it did consider the defendant's sentence and the aggravating factors and the mitigating factors in this case, exercised appropriate discretion in sentencing the defendant to a mere three years above the statutory minimum. Any sentence within the statutory guidelines is presumptively proper. The defendant here is merely asking this court to re-weigh the factors that the trial court already heard, which is not a proper role for this court to undertake. What is unquestionable in this case is the aggravating factors sufficiently satisfied the sentences in this case. The seriousness of this offense is unquestionable. Within a one-week time span, the defendant broke the four-month-old victim's femur, a very strong bone which the medical examiner testified required a considerable amount of force to be able to break. And then he lied to everyone about what he did and he blamed the victim's four-year-old daughter. A week later, he's babysitting the same victim, smashed her head three times into a doorframe in order to keep her quiet while he played video games. And then when she continued to cry, he picked her up and punched her three times in the abdomen. He continued to cover up his actions. And what he did is repeatedly lie to the police about what he did before he finally confessed and admitted to what he did to this poor victim. In addition to the seriousness of the offense, the defendant also had a significant criminal history in his young age. Since becoming an adult just two years, he had committed three different felony offenses. He was arrested and convicted of possession of a stolen motor vehicle. He was also sentenced for two different cases of possession of a controlled substance a mere three days before he first injured the victim. Now, the defendant relied on a multitude of factors in mitigating evidence. One is that the child court failed to consider the defendant's young age. There's no evidence that the judge did not consider the defendant's young age. In fact, the judge did consider the defendant's young age. What the judge did not give credence to was his comparison of the defendant as a juvenile offender. And at that point, the decision in house had not come down so that was what the judge's point was that she was not going to put him in the same category as a juvenile offender. It was not that the judge was not going to consider the defendant's age at all. The defendant also takes issue about the matter of the child courts not allowing the defendant to speak in allocution. Obviously, as the defense counsel recognizes, this amounts to harmless error in this case. Especially in this case where the defendant, as he admits, had the opportunity to present extensive mitigating evidence including a report from mitigation specialists and live testimony from mitigation witnesses. And remandment in this case is only required where the weight placed on any improperly considered factor was so significant that it led to a greater sentence. The defendant, I cannot stress enough, got three years over the mandatory minimum for what he did to this four-year-old victim. He received an extensive break in his case. I mean full month though, I apologize. But he got an extremely lenient sentence in this case. We don't feel that the criminal court in any way, shape, or form abused her discretion when she gave him that extremely lenient sentence. The defendant also talks in her brief about the reinstatement of the defendant's original sentence. And I'd just like to emphasize that there is nothing in the decisions in Castleberry and Price that would give the defendant in this case the right to have his original illegal sentence reinstated. In Castleberry, the Illinois Supreme Court found that the void sentence rule was unconstitutionally sound when it relied upon the inherited authority power of the circuit court regarding jurisdiction. As a result, statutorily non-conforming sentences are now considered voidable and not voidable and subject to the usual rules of forfeiture. And then in Price, the Illinois Supreme Court found that Castleberry had retroactive application where there was a pending voidless claim. So under Castleberry and Price neither party now can, going forward in litigation, rely upon the void sentence rule articulated in order to seek an adjustment of incorrect sentence. What the defendant in this case wants this court to do is to reach back in time, reach back in history and when the voidness issue has already been resolved in this case and say that the defendant now has the right to have his original illegal sentence. He's now asking this court to reinstate an illegal sentence. And that is not what this court is authorized to do pursuant to the decisions in Castleberry and Price. This, we also ask that this court follow the decision in Cole and find that the law of the case doctrine also applies in this case. As a result of this, we ask the defendant's sentence of 26 years and 3 years be affirmed. Thank you very much. Ms. Ware? This counsel mentioned that Garcia carved out an exception for the presumption of vindictiveness that the Pierce presumption of vindictiveness does not apply in this case. But under Garcia, if the defendant cannot show that the presumption of vindictiveness applies he can also show actual vindictiveness. How can you say that the sentence that's 3 years over the minimum of an absolutely brutal murder shows vindictiveness? If she had doubled the sentence, you might have a better argument, but you're 3 years over the minimum and for a murder this heinous I'm not sure where you're going with this. Well, if you look at the judge's actions and just completely disregarding relevant mitigating evidence time and time again at the hearing this shows a pattern of just completely disregarding Mr. Stevens mitigating evidence which the court cannot do. The court has to consider the mitigating evidence of the case. Not to mention the court not allowing the defendant to speak. All of these things should be enough circumstantial evidence to show vindictiveness. We should be able to get past the presumption with this case because of the court's actions at the sentencing hearing. Also, the state mentions that the aggravating factors in this case sufficiently that the sentence was merited by the aggravating factors but I just want to remind the court that the seriousness of the offense and the defendant's background were not new. These things were all considered as they don't matter at this sentencing hearing the court just doesn't consider those of course she has to consider those she has to consider the aggravation remember this judge is doing this for the first time this is the third judge doesn't she get to consider the facts of the case doesn't she get to consider his criminal background doesn't she get to consider those you're acting as if because there was nothing different from the state's perspective that somehow she did something wrong the aggravation is there and this judge had the right to consider it just like she had to consider the mitigation but you're acting as if there was no aggravation because they didn't present anything new but remember this is a new sentencing hearing so this aggravation is new this is a new sentencing hearing you're acting as if there is no aggravation right because in a Pierce context you consider whether the increase is justified by new aggravating evidence yes but this is new aggravating evidence because it's a new sentencing hearing and what about counsel's argument that in a consecutive sentencing case there is no violation this is not a violation because the sentence wasn't increased in fact the murder went down and the other one was what the minimum how is there an increase well this is an increase in a very real sense Mr. Stevens will serve more time in prison now 18 months no from the original sentence his sentence is extended by about 3 years and the actual time he'll do is 18 months this is not an 85% increase isn't it day for day for this murder so 85% for the murder so that doesn't change in fact that actually goes down because he's going to do 85% of a 23 year sentence when before he was going to do 85% of a 25 year sentence so that actually went down and then the other sentence I don't believe is 85% he has to do 100% of the murder 85% of the 6 so he's doing less no matter how you slice it if he's doing 100% of 23 that's less than doing 100% of 25 correct but the fact of the matter is between the original sentence and the sentence he has now he will serve more time in prison and again I just want to reiterate that if this court doesn't believe that Pierce applies in this context then this court should find that this sentencing hearing violated the normal you said you could establish actual vindictiveness is there a case that you think would be helpful for us to look at to show that this judge was vindictive actually vindictive would there be a case you think we should look at that would suggest that this judge was vindictive on top of my head I cannot think of a case but I'd be more than happy to research it and submit a supplemental brief but the presumption in Pierce is just a presumption it can be overcome and in this case we just can't ignore the circumstantial evidence that we saw we can't ignore the judge's pattern that shows something that shows that there was a lot of things that she could have considered to mitigate that sentence down that she did not consider and in this case I mean there are three different ways that we can find error here under Pierce we can find it under excessive sentence because of not considering the mitigation evidence or did she just deny him a fair sentencing hearing the things that she did at the hearing violated the statutes in this case also the state said that the court did not have people versus house at the time of the sentencing hearing but the court had the mitigation report it had that same social science research that house had in it so the court had everything before it to understand what the case law says now that Roper and Miller and Grandness had said all of that was in the mitigation report that was before the judge but the judge discounted it for very flimsy reasons oh this article is about teen pregnancy well actually no it's not it was entitled the adolescent brain a work in progress it wasn't about teen pregnancy at all so you can't ignore that you can't ignore the judge's actions in this case and that's why I'm arguing that the presumption that we've overcome the presumption in this case because of the judge's actions in this case also the state mentioned if I can mention one more thing okay one more thing the state mentioned that there was nothing in Castleberry or Price that would allow this court to reimpose Mr. Stevens 25 year concurrent sentences but this court has the authority under rule 615B to modify or reduce a sentence on appeal and so that's what we're asking this court to use its authority under that rule to reimpose a sentence that should not have been vacated because we now know under Castleberry that that sentence should not have been vacated at the behest of the state even the Supreme Court in Castleberry reaffirmed a statutorily unauthorized sentence so we're asking for this court to reimpose that unauthorized sentence because they shouldn't have been vacated initially so if this court has no further questions if this court doesn't reduce Steven's sentence to the minimum or remand for his sentencing pursuant to arguments 1, 2, and 3 in my briefs, then this court should order that Steven's original 25 year concurrent sentences be reimposed. Thank you. We'll take the matter under advisement and issue an order as soon as possible. Thank you.